UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| EFFREY SHERMAN AND LA MONT GARNER, <br><br>  Plaintiffs <br><br> vs <br><br> CARL HORNUNG LLC, a Wyoming limited liability company, and CARL HORNUNG, individually. <br><br>  Defendants | Case 2:24-cv-02391-MDC <br><br> **ORDER DENYING WITH OUT PREJUDICE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (ECF No. 14)** |
|---|---|

For the reasons below, the plaintiffs' *Motion for Default Judgment Against Carl Hornung* (ECF No. 14)("Motion") is **DENIED** without prejudice.

**DISCUSSION**

1. **Plaintiffs' Motion Lacks Points & Authorities**

Federal Rule of Civil Procedure 55(b)(2) provides for a plaintiff to seek a default judgment if the clerk previously entered default based on a defendant's failure to defend. *Id*. Although the complaint's factual allegations are generally taken as true after entry of default, a motion for default judgment requires more than just simply relying on the complaint. *Nomura Credit & Cap., Inc. v. RAM, LLC*, No. 17-cv-01243-JAD-VCF, 2018 WL 11473693, at *1 (D. Nev. June 5, 2018). Local Rule 7-2(d) requires all motions to be supported by points and authorities.

Substantively, "[a] motion for default judgment—far from being a mundane procedural motion (such as a motion to extend a deadline)—is a case-dispositive motion which requires the Court to undertake an in-depth analysis." *Long v. Okopny*, No. CV-20-02211-PHX-DWL, 2021 WL 3410916, at *1 (D. Ariz. July 27, 2021). Indeed, "the general rule that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)(citing *Pena v. Seguros La Comercial, S*.A., 770 F.2d 811, 814 (9th

Cir.1985)). The party seeking default judgment has the "burden to demonstrate default judgment is warranted." *Kohli v. Dayal*, No. 2:20-CV-00538-CDS-NJK, 2025 WL 1449272, at *4 (D. Nev. May 19, 2025). In other words, "[a] party seeking default judgment bears the burden of demonstrating to the Court that the complaint is sufficient on its face and that the *Eitel* factors weigh in favor of granting default judgment. Plaintiff also bears the burden of demonstrating entitlement to the sought amount of damages." *Long v. Okopny*, No. CV-20-02211-PHX-DWL, 2021 WL 3410916, at *2 (D. Ariz. July 27, 2021). In attempting to meet such burden, a party seeking a default judgment must address the following various factors identified by the Ninth Circuit: "(1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether the default was due to excusable neglect, and (7) the policy favoring decisions on the merits." *Eitel*, 782 F.2d at 1471-72.

Plaintiffs did not meet their burden because nor made any effort to do so. Their Motion lacks any points and authorities, including failing to address any of the *Eitel* factors.

**2.    Plaintiffs Do Not Sufficiently Show Whether Defendant Hornung Is In Military Service**

50 USC App §521(b)(1) not only requires an affidavit "stating whether or not the defendant is in military service" but it also requires the affidavit "show[] necessary facts to support" such conclusion. *Id.* The Declaration of Santiago J. Padilla, Esq. (ECF No. 1401) in support of the Motion does not show the necessary facts to support the conclusion that Hornung is not in military service. Superficially, the Declaration fails to articulate the nature and scope the reasonable inquiry that Mr. Padilla made to ascertain Carl Hornung's military service. *Cf. e. g. Priority Records, LLC v. Tabora*, 2007 WL 2517312, *1 (N.D.Cal.2007) (determining plaintiff complied with Section 521(b)(1) affidavit requirement because its counsel attested to having "conducted a search through the Department of Defense–Manpower Data Center, and determined that defendant is not serving in the military.").

//
//
//

## ORDER

Based on the foregoing and for good cause appearing,

**IT IS ORDERED** that plaintiffs' *Motion for Default Judgment Against Carl Hornung* (ECF No. 14)("Motion") is **DENIED** without prejudice.

Dated: June 3, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge